# HUTCHINS v. HUTCHINS.

---

APPEAL AND ERROR; WILLS; CAVEAT.

No appeal to this court lies from an order of the supreme court of the District of Columbia sitting as a probate court, framing issues upon the caveat of a will, as such an order is an interlocutory one only. (Distinguishing *National Safe Deposit, Sav. & T. Co.* v. *Sweeney,* 3 App. D. C. 401; *National Safe Deposit, Sav. & T. Co.* v. *Heiberger,* 19 App. D. C. 506; and *Dugan* v. *Northcutt,* 7 App. D. C. 351).

Nos. 2511 and 2512. Submitted March 17, 1913. Decided March 20, 1913.

HEARING on an appeal by executors from an order of the Supreme Court of the District of Columbia sitting as a probate court, framing issues for trial by jury upon a caveat of a will.

*Appeal dismissed.*

The facts are stated in the opinion.

*Mr. R. Ross Perry, Mr. E. H. Thomas,* and *C. H. Merillat* for the appellant.

*Mr. John C. Gittings* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The will of Stilson Hutchins, deceased, was filed for probate in the supreme court of the District holding a special session as a probate court, by the appellants, Walter S. Hutchins and Charles S. Frailey, who are named as executors in said will, and one of whom is a son of the testator and a legatee and devisee.

A caveat in opposition was filed by the appellee, Lee Hutchins, also a son of testator and a legatee and devisee. In accordance with the provisions of sec. 140 of the Code (31 Stat. at L. 1213, chap. 854), the court framed issues to be tried by a jury. The executors excepted to the form of said issues, and this appeal has been taken from the order adopting them.

Want of jurisdiction to entertain the appeal having been suggested, counsel were directed to file briefs on the question; and this has been done.

Under the law creating it, this court has appellate jurisdiction, as relates to the supreme court of the District, to review only the final orders, judgments, and decrees of that court or any justice thereof, and interlocutory orders whereby the possession of property is changed, and from any other interlocutory order from which a petition for appeal shall be allowed.

That this order framing issues for trial by jury in the probate court is interlocutory, and not final, there can be no doubt. Nor is such an order one whereby the possession of property is changed. The order determines nothing, and affects no right. The appeal from it has not been allowed, and it must be dismissed.

Two petitions for special appeal in similar cases have been allowed since the organization of this court. *National Safe Deposit, Sav. & T. Co.* v. *Sweeney,* 3 App. D. C. 401; *National Safe Deposit, Sav. & T. Co.* v. *Heiberger,* 19 App. D. C. 506; In *Dugan* v. *Northcutt,* 7 App. D. C. 351–362, it was said: "Under ordinary circumstances, an order of the orphan's court transmitting issues to the circuit court for trial before a jury is only an interlocutory order, and no appeal will lie from it."

The practice prevailing at that time under the ancient Maryland probate law, of sending issues from the orphan's court to the circuit court for trial by jury, has been changed by the Code, and now the issues are triable in the probate court. Section 140.

It is argued that the foregoing excerpt from the opinion in *Dugan* v. *Northcutt* is entitled to no weight, because the particular question was not actually involved; and that the decision is, in fact, in support of the jurisdiction over the present appeal, because the appeal from an order transmitting issues was entertained and the order reversed. That was not an appeal under "ordinary circumstances." Acting under the old practice, the orphan's court had transmitted issues involving the execution and validity of the will to the circuit court. In that court a trial was had, and a verdict sustaining the will had been returned and certified to the probate court. Thereafter a son of the testatrix, found to be legitimate, having filed a caveat in opposition to the probate of said will, issues were framed at his request and ordered transmitted to the circuit court for trial by jury. On appeal therefrom, it was held that the verdict upon similar issues, before certified, was binding upon all the world; that it was the duty of the orphan's court to enter judgment thereon, and that it had no power to direct any further or other litigation of the same issues at the instance of anyone. The order was in effect an exercise of the equitable jurisdiction to set aside a verdict and judgment, and reopen the case for a new trial. Such jurisdiction was not conferred upon the orphan's court, and the order was void and of no effect. Under these extraordinary circumstances the appeal was entertained.

The cases in the Maryland court of appeals, where appeals from orders framing and transmitting issues in like cases have been entertained, and which have been cited by counsel, are governed by the provisions of the Maryland Code. Article 5, sec. 60, which is quite different from the statutory provision regulating the appellate jurisdiction of this court. See act approved February 9, 1893, sec. 7.

The appeal is dismissed. *Dismissed.*